UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 25-cr-5352-BHS |
| Plaintiff, | ORDER |
| v. | |
| PETER J. GIBBONS, | |
| Defendant. | |

THIS MATTER is before the Court on defendant Peter Gibbons' motion to proceed pro se, for appointment of standby counsel, and to appear remotely for an *Edwards* hearing. Dkt. 35.

Gibbons is currently represented by attorney Lance Hester. Gibbons, who has been a tax lawyer for the past 28 years, now wishes to proceed pro se, with Hester representing him as standby counsel. Gibbons asks the Court to accept his waiver of the right to counsel, asserting that he "has conferred with Hester, reviewed the exculpatory evidence, and fully understands the risks and consequences of self-representation." Dkt. 35-1 at 3. Hester filed a declaration in support of the motion, asserting that Gibbons "has demonstrated his understanding of the dangers and disadvantages of pro-se

ORDER - 1

representation, and . . . knows what he is doing and his choice is most certainly made with his eyes open to the task and responsibilities ahead." Dkt. 35-2 at 2.

Gibbons does not request a *Faretta* hearing—a hearing to determine whether he has knowing and intelligently waived his right to counsel. *Faretta v. California*, 422 U.S. 806, 807 (1975). Instead, Gibbons requests to appear remotely for an *Edwards* hearing, apparently misunderstanding the distinct purposes of the two proceedings.

A criminal defendant has a constitutional right under the Sixth and Fourteenth Amendment either to be represented by counsel or to represent himself at trial. *Faretta*, 422 U.S. at 807. Before the Court may permit self-representation, however, it "**must** hold a hearing—commonly known as a *Faretta* hearing—to determine whether the defendant is knowingly and intelligently forgoing his right to appointed counsel." *United States v. Farias*, 618 F.3d 1049, 1051–52 (9th Cir. 2010) (emphasis added). Although the Court need not follow a particular script when conducting a *Faretta* hearing, it must ensure that the defendant "understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation." *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004).

An *Edwards* hearing, by contrast, is required only when a trial court has reasonable doubts about the defendant's mental competence to conduct trial proceedings by themselves. *See Indiana v. Edwards (2008) 554 U.S. 164* (2008); *cf. People v. Mickel*, 2 Cal. 5th 181, 208 (2016) (A trial court need only hold an [*Edwards* hearing] where it has doubts about the defendant's competence[.]"). The Court has no basis to conduct an *Edwards* hearing at this stage of the proceedings.

Gibbons' request to waive his right to counsel and proceed pro se will be decided at the upcoming *Faretta* hearing July 30, 2026.

The parties dispute whether this hearing should be held remotely. Gibbons asserts that requiring him to travel from his home in Nevada to Washington solely for a preliminary hearing "would impose a severe and unnecessary financial and logistical burden." Dkt. 35 at 3. The Government responds that because Gibbons' decision to waive the right to counsel is significant, an in-person hearing is necessary for a "clear record." Dkt. 37 at 6. The Court disagrees with the Government. A remote hearing will not materially diminish the Court's ability to conduct a thorough *Faretta* colloquy or create a complete and reliable record. Gibbons' request to appear remotely for that hearing is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3